## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

BRIAN COOK                                                                 CIVIL ACTION

VERSUS                                                                      NO. 19-835-JWD-RLB

ALBERT ERWIN CRAUS, JR., ET AL.

## ORDER

Before the Court is Defendant's Motion to Compel (R. Doc. 8) filed on February 17, 2020. The deadline for filing an opposition has expired. *See* LR 7(f). Accordingly, the motion is unopposed.

### I.     Background

On or about November 21, 2019, Brian Cook ("Plaintiff") filed the instant action in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana, naming as defendants Albert Erwin Craus, Jr. and Liberty Mutual Insurance Company (collectively, "Defendants") (R. Doc. 1-1). Defendants removed the action on December 2, 2019. (R. Doc. 1). On December 5, 2019, just three days after removal, Defendants served the discovery requests at issue on Plaintiff. (R. Doc. 8-3).

Defendants assert that Plaintiff's responses were due on January 6, 2020. (R. Doc. 8-1 at 1). In the attached Rule 37 Certification, Defendants assert that on January 16, 2020, defense counsel "inquired as to the status of the discovery responses and advised that a Motion to Compel Discovery would be filed if the responses were not received before February 10, 2020." (R. Doc. 8-2). It is unclear whether this communication was made in person, in a telephone conference, or through written communication. The attached email correspondence does not

provide any clarification on the nature of the January 16, 2020 communication. (*See* R. Doc. 8-4).

On January 17, 2020, the parties submitted a Joint Status Report. (R. Doc. 6). Based on the deadlines requested in the parties' Joint Status Report, the Court issued a Scheduling Order setting the deadline to complete non-expert discovery by October 23, 2020.

On February 17, 2020, Defendants filed the instant motion to compel seeking an order requiring Plaintiff to respond to Defendants' interrogatories and requests for production. (R. Doc. 8).

## II.   Law and Analysis

The Federal Rules of Civil Procedure "apply to a civil action after it is removed from state court." Fed. R. Civ. P. 81(c)(1). In federal court, discovery generally cannot commence until the "parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1). The discovery at issue was served just three days after removal. There is no indication in the record that the parties held a Rule 26(f) conference within that three-day period. Accordingly, the Court will not require Plaintiff to respond to the interrogatories at issue without a showing that a Rule 26(f) conference was held prior to service of the interrogatories. *See* Fed. R. Civ. P. 26(d)(1).

A party may, however, serve "Early Rule 34 Requests" prior to a Rule 26(f) conference but "[m]ore than 21 days after the summons and complaint are served on a party." Fed. R. Civ. P. 26(d)(2). Such early requests for production are deemed served at the first Rule 26(f) conference. Fed. R. Civ. P. 26(d)(2)(B). This is not, however, merely a box to check prior to filing a motion to compel. As referenced in the advisory committee notes, early service is "designed to facilitate focused discussion during the 26(f) conference" and that discussion could

even "produce changes in the requests." Fed. R. Civ. P. 26(d)(2) Advisory Committee Notes to the 2015 Amendment.

Regardless, the instant requests for production do not qualify as "Early Rule 34 Requests" under Rule 26(d)(2). Even if service of a citation and petition in state court prior to removal qualifies for the purposes of Rule 26(d)(2), Defendants represent that Liberty Mutual Insurance Company was served on November 21, 2019, and Mr. Craus was served on November 26, 2019. (R. Doc. 1 at 2). That means that the discovery requests at issue, which were served on December 5, 2019, were served less than 21 days after service of the citation and petition. Accordingly, the Court will not require Plaintiff to respond to the requests for production at issue without a showing that a Rule 26(f) conference was held prior to service of the requests for production. *See* Fed. R. Civ. P. 26(d)(1).

Finally, Defendants have not satisfied the requirement in the Court's Scheduling Order that "[a]ny motions filed regarding discovery must be accompanied by a certificate of counsel for the moving party, stating that counsel have conferred *in person* or *by telephone* for purposes of amicably resolving the issues and stating why they are unable to agree or *stating that opposing counsel has refused to so confer after reasonable notice*." (R. Doc. 7 at 1).

While the Court will not compel Plaintiff to provide any responses to the written discovery requests at this time, Plaintiff's failure to respond to the inquiries of counsel, and failure to file any opposition to the instant motion raises significant concerns. Accordingly, the Court will order counsel of record for Plaintiff and Defendants to meet and confer regarding the issues raised by the instant Motion. Attorney Brumfield and Attorney Campbell must personally speak on the phone regarding the discovery at issue. Any future motion must set forth when any Rule 37 conference occurred, how it was conducted, how long (in minutes) the conference

lasted, what issues were discussed, and what issues, if any, were resolved. Failure to comply with this Order may result in appropriate sanctions.

### III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Defendant's Motion to Compel Discovery Responses (R. Doc. 8) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's counsel and Defense counsel shall meet and confer regarding the issues raised by the instant motion **on or before March 27, 2020**.

Signed in Baton Rouge, Louisiana, on March 18, 2020.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**